**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4228**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JAMAL SIDDQ RICKENBACKER,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:08-
cr-00536-RWT-1)

_____

Submitted:  January 13, 2011        Decided:  January 18, 2011

_____

Before MOTZ, KING, and WYNN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt,
Maryland, for Appellant. Stacy Dawson Belf, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Siddq Rickenbacker pled guilty to distribution of cocaine base and possession of a firearm by a convicted felon. He was sentenced within his advisory Guidelines range to 168 months in prison. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious issues for appeal but questioning whether the Government acted in bad faith by moving for only a one-level departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2009). Although informed of his right to do so, Rickenbacker has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on Rickenbacker's waiver of appellate rights in his plea agreement. We grant the motion in part and dismiss the appeal with regard to Rickenbacker's sentence. After a review of the record under Anders, we affirm Rickenbacker's convictions.

A defendant may, in a valid plea agreement, waive the right to appeal. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Any such waiver must be made by a knowing and intelligent decision to forgo the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Whether a defendant has effectively waived his right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

The district court's plea colloquy was thorough, conformed to the dictates of Fed. R. Crim. P. 11, and specifically addressed the appellate waiver. Moreover, Rickenbacker does not challenge the voluntariness of his waiver. Accordingly, the waiver is enforceable.

The waiver expressly precluded Rickenbacker from appealing any sentence within or below the advisory Guidelines range "resulting from an adjusted base offense level of 31." Because the sentence imposed was within the advisory range based upon an offense level of 29, any challenge to the district court's sentence, including Rickenbacker's claim that the Government arbitrarily decided not to move for a larger reduction,[*] falls within the scope of that waiver. As such, we grant the Government's motion to dismiss Rickenbacker's appeal of his sentence.

---

[*] Rickenbacker's assertion is based entirely on conjecture. He asserts that the Government's decision to move for only a one-level reduction, rather than the maximum two levels contemplated by the plea agreement or the four levels urged by Rickenbacker, was "arbitrary." However, he does not assert that the Government's decision was based upon unconstitutional motives, and there is no evidence in the record to support such a claim. Moreover, Rickenbacker does not claim, and the record does not support, that the court based the imposed sentence on an unconstitutional motive. See Marin, 961 F.2d at 496 (defendant cannot waive right to appeal on the basis that the subject sentence was imposed based on constitutionally impermissible factor such as race).

3

However, the waiver's enforceability does not completely dispose of this appeal. Rickenbacker's appellate waiver did not waive his right to appeal his conviction. Though Rickenbacker does not raise a specific challenge to his conviction, pursuant to Anders, we must review the record for any meritorious issues. In accordance with Anders, we have reviewed the entire record and found no viable claims regarding Rickenbacker's conviction.

Accordingly, we affirm Rickenbacker's convictions. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART